# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

No. 339
#### EVERETT v. FARMERS BANK CO.
Ohio Appeals, 3rd Dist., Crawford Co.
No. 1046. Decided Dec. 13, 1924.

225. CHARGE TO JURY—Is not prejudi-cial, when not made in compliance with defendant's request, when during the trial, defendant's testimony disclaims the substance of such requested charge.

147.—BILLS AND NOTES—Defenses of good faith and for value are immaterial in action for conversion, to recover value. of bonds alleged to have been wrongfully taken.

HUGHES, J.

The Farmers Bank Company had a loss of some $12,000 worth of bonds, which were traced into the possession of Harry Everett and one Sullivan. Action was brought by the Bank against Everett and Sullivan in trover for conversion of bonds, and sought to recover their value. Sullivan confessed judgment as prayed for, and a jury awarded a verdict against Everett for $3500.

Error was prosecuted and Everett claims that since there was a judgment against Sullivan for $12,000, his judgment should not stand for then the Bank's recovery would exceed its losses. He also assigned as error the fact that he requested the court to charge the jury to the effect that the possession of the bonds by Everett, raised a presumption that he was the owner of them in good faith for value. The trial court failed to make the charge.

The Court of Appeals held:

1. Everett in his testimony, said that he was not the owner of the bonds, hence it cannot be prejudicial to him, if the trial court failed to tell the jury that there was a presumption of ownership in him, when he himself disclaimed it.

2. There should be no complaint by Everett, for in no event could a satisfaction be made for more than the amount of the judgment against him.

3. The law is well settled that where the owner sues in trover for the conversion of his property, unlawfully or wrongfully taken, it is no defense for the defendant to say that he came into possession of it in good faith and for value; citing 58 OS. 246. And this rule tel property. Thus the questions of "good

applies to notes and bonds, as it does to chat-faith and for value," become immaterial.

Attorneys—Charles Gollinger, for Everett; Benjamin Meck, for Bank; all of Bucyrus.